IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BARBARA OWEN                                                                                          PLAINTIFF

vs.                                              Civil No. 6:12-cv-06041

CAROLYN COLVIN                                                                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Barbara Owen ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI were filed on July 14, 2009. (Tr. 10, 98-107). Plaintiff alleged she was disabled due to rheumatoid arthritis and cervical joint disease. (Tr. 139). Plaintiff alleged an onset date of March 1, 2007. (Tr. 139). These applications were denied initially and again upon reconsideration. (Tr. 44-49, 53-56). Thereafter, Plaintiff requested an administrative

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

hearing on her applications and this hearing request was granted. (Tr. 57).

Plaintiff's administrative hearing was held on July 1, 2010. (Tr. 23-39). Plaintiff was present and was represented by counsel, Hans Pullen, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") David Elmore testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 26).

On October 6, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 21, 2012. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 1, 2007. (Tr. 12, Finding 2). The ALJ also determined Plaintiff had the severe impairment of rheumatoid arthritis and osteoarthritis of the cervical spine. (Tr. 12, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-18). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of light work. *Id.*

The ALJ also evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ found Plaintiff was capable of performing her PRW as a receptionist, insurance clerk and administrative clerk. *Id.* Having made this finding, the ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of the decision. (Tr. 18,

Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 5).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision. (Tr. 1-3).  On March 21, 2012, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on April 17, 2012.  ECF No. 5.  Both Parties have filed appeal briefs. ECF Nos. 8, 10.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) in failing to find Plaintiff met a Listing, (B) in assessing Plaintiff's RFC, (C) in assessing Plaintiff's credibility, and (D) in failing to question the VE. ECF No. 8, Pgs. 9-21. In response, the Defendant argues the ALJ did not err

in any of his findings.  ECF No. 10.

### A. Listings[2]

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities.  A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations.  These impairments included rheumatoid arthritis and osteoarthritis of the cervical spine. (Tr. 12, Finding 3).  However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments.  *See* 20 C.F.R. pt. 404, subpt. P, app.1.  Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments.  *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).  Plaintiff has not met this burden.

Plaintiff initially argues she meets Listing 1.00(B)(2)(d). ECF No. 8, Pgs. 9-10.  However this section is not a specific Listing but only a section that explains how the agency evaluates the existence of pain to determine the impact on the individuals functioning under a musculoskeletal system listing.

Plaintiff also argues she meets Listing 14.09 based on her diagnosis of rheumatoid arthritis. ECF No. 8, Pgs. 11-13.  To meet this Listing, the following must be met:

---

[2] The relevant period under consideration with respect to Plaintiff's claim begins with her alleged onset date of March 1, 2007, and continues through October 6, 2010, the date of the ALJ's decision.  *See Mueller v. Astrue*, 561 F.3d 837, 840 (8th Cir. 2009).

14.09 Inflammatory arthritis.  As described in 14.00D6.  With:

A. Persistent inflammation or persistent deformity of:

1. One or more major peripheral weight-bearing joints resulting in the inability to ambulate effectively (as defined in 14.00C6); or

2. One or more major peripheral joints in each upper extremity resulting in the inability to perform fine and gross movements effectively (as defined in 14.00C7).

or

B. Inflammation or deformity in one or more major peripheral joints with:

1. Involvement of two or more organs/body systems with one of the organs/body systems involved to at least a moderate level of severity; and

2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).

or

C. Ankylosing spondylitis or other spondyloarthropathies, with:

1. Ankylosis (fixation) of the dorsolumbar or cervical spine as shown by appropriate medically acceptable imaging and measured on physical examination at 45° or more of flexion from the vertical position (zero degrees); or

2. Ankylosis (fixation) of the dorsolumbar or cervical spine as shown by appropriate medically acceptable imaging and measured on physical examination at 30° or more of flexion (but less than 45°) measured from the vertical position (zero degrees), and involvement of two or more organs/body systems with one of the organs/body systems involved to at least a moderate level of severity.

or

D. Repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:

1. Limitation of activities of daily living.

2. Limitation in maintaining social functioning.

3. Limitation in completing tasks in a timely manner due to deficiencies in concentration,

persistence, or pace.

*See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 14.09.

As mentioned, Plaintiff argues she meets listing 14.09 based on her diagnosis of rheumatoid arthritis. However, the mere diagnosis of an impairment listed in Appendix 1 is not sufficient to sustain a finding of disability. *See* 20 C.F.R. §§ 404.1525(d), 416.925(d). The medical evidence of record shows Plaintiff was treated for a diagnosis of rheumatoid arthritis from early 2005 through November 2006. (Tr. 246-266).

On February 25, 2005, Plaintiff was seen by Dr. Thomas Dykman. (Tr. 245-246). Dr. Dykman indicated he had last seen Plaintiff in 2003, when he had diagnosed her with rheumatoid arthritis. (Tr. 245). Dr. Dykman also stated Plaintiff had stopped taking her medications for one year, causing a flare of her synovitis. *Id.* Dr. Dykman also stated according to Plaintiff, her pain was a 1 on scale of 10. *Id.* Plaintiff returned to see Dr. Dykman on July 7 and November 10, 2005, and on March 15, July 20, and November 8, 2006. (Tr. 252-253, 255-256, 260-261, 265-266, 268-269). On each visit, Plaintiff was diagnosed with rheumatoid arthritis with minimal synovitis. *Id.* On Plaintiff's visit on November 8, 2006, Dr. Dykman offered to increase her medications, but Plaintiff indicated her pain did not warrant a larger dose. (Tr. 269).

The medical record evidence, as discussed above, does not support Plaintiff's claim of meeting a Listing. Furthermore, even assuming such medical did support Plaintiff's claim, Plaintiff did not present any medical evidence showing she sought any medical treatment for rheumatoid arthritis during the relevant period of disability, which began with her alleged onset date of March 1, 2007.

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

7

**B. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for the full range of light work. (Tr. 13, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 8, Pgs. 13-19. However, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing the full range of light work.

On October 8, 2009, Dr. Michael Atta performed a general physical examination of Plaintiff. (Tr. 195-201). Dr. Atta indicated Plaintiff had a normal range of motion of her shoulders, elbows, wrists, hands, hips, knees, and ankles. (Tr. 197). Plaintiff's cervical and lumbar spine flexion was

8

also normal. *Id.* Dr. Atta indicated Plaintiff had no muscle spasms, atrophy, or weakness. (Tr. 198). Additionally, Plaintiff had normal gait, coordination and limb function. *Id.* Dr. Atta found Plaintiff had 80% grip strength in both hands, was able to hold a pen, touch fingertips to palms, oppose thumb to fingers, pick up a coin, stand and walk without assistive devices, walk on heel and toes, and squat and arise from a squatting position. *Id.* Dr. Atta diagnosed Plaintiff with osteoarthritis of the cervical spine and stated Plaintiff had only a moderate limitation in flexion and extension of her cervical spine. (Tr. 199).

On November 10, 2009, Dr. Alice Davidson reviewed Plaintiff's medical records and found Plaintiff had the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently; to stand, walk, and sit for 6 hours in an 8-hour workday; unlimited pushing or pulling limitations, other than as assessed for lifting and carrying; and no postural, manipulative, visual, communicative, or environmental limitations. (Tr. 204-211). This finding supports the ALJ's RFC assessment.

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing the full range of light work. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 8, Pages 13-18. Specifically, Plaintiff claims the ALJ erred by failing to make specific findings as to the relevant evidence considered in deciding to discredit Plaintiff's testimony. *See id.* In response, Defendant argues that the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to

the directives of *Polaski*. ECF No. 10, Pages 8-10.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of his impairments and did not fully consider his subjective complaints as required by *Polaski*. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 13-18). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) Medical records do not confirm any alleged side effects from use of medications, (4) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, and (5) Plaintiff's medication has been effective in controlling her symptoms. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### D. Questioning of VE

Plaintiff alleges the ALJ committed error because he never questioned the VE on whether

Plaintiff could perform light work. ECF No. 8, Pg. 19. However, based on the ALJ's findings, no VE testimony was needed.

In this matter, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW") found Plaintiff was capable of performing her PRW as a receptionist, insurance clerk and administrative clerk. (Tr. 18, Finding 6). The ALJ found this work was not precluded by her RFC. *Id.* Having made this finding, the ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of the decision. (Tr. 18, Finding 7). If the ALJ finds Plaintiff has the RFC to perform her PRW, then the ALJ will find her not disabled. *See* 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). VE testimony was not required based on the ALJ's finding that Plaintiff was capable of performing her PRW. *Lewis v. Barnhart*, 353 F.3d 642, 648 (8th Cir. 2003).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **26th day of April 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE